```
                  UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                          )
                                )        Chapter 13
MARCO A. GONZALES,              )
MARISELA GONZALES,              )
                                )        Bankruptcy No. 08-00719
     Debtors.                   )
```

### ORDER RE: APPLICATION TO PURCHASE VEHICLES

This matter came before the undersigned on June 26, 2009 on Debtors' Application to Purchase Vehicles. Debtors were represented by Attorney Paul Shinkle. Carol Dunbar appeared as Chapter 13 Trustee. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D).

### FINDINGS OF FACT

This case commenced on April 14, 2008 with the filing of Debtors' Chapter 13 petition. The Court entered the order confirming the Chapter 13 Plan on January 2, 2009. The plan provided that Debtors would pay their vehicle payments directly to the secured creditors.

Debtors now request permission to incur total debt of $36,800 to purchase two vehicles. One of their previous vehicles, a 2006 Chevy Uplander, was destroyed by an accident and the other, a 2006 VW Jetta, has been returned to the lessor after it received relief from the automatic stay. Counsel for Debtors explained that, because of a change in employment, Mr. Gonzales had to drive the Jetta for work which added substantial mileage to this leased vehicle. This led to a high-mileage penalty at the end of the lease and a final purchase price which was more than Debtors could afford. Debtors were paying a total of $985 per month for these two vehicles.

Debtors wish to borrow $31,000 to purchase a 2009 VW Routan, a seven-passenger wagon/minivan, with monthly payments of $665. Counsel for Debtors notes that Debtors need a large capacity vehicle to be able to transport themselves and their four children. Debtors also wish to borrow $5,800 to purchase a 2001 Jeep Grand Cherokee, a five-passenger SUV, with monthly payments of $300. Trustee filed a Response to Debtors' Application to Purchase Vehicles, stating that she had no objection because the total monthly payment, or $965, is $20 less than before. Trustee

estimates that unsecured creditors will receive approximately 30% of their claims through Debtor's confirmed plan.

## CONCLUSIONS OF LAW

Federal Rule of Bankruptcy Procedure 4001(c) states that a motion for authority to obtain credit shall be a contested matter under Rule 9014 and shall be accompanied by a copy of the credit agreement. The requirement of obtaining prior approval for post-confirmation credit protects debtors from entering into ill-advised credit arrangements. In re Clemons, 358 B.R. 714, 715 (Bankr. W.D. Ky. 2007).

> With the help of the trustee, it is hoped that debtors will be able to break the "cycles of poor financial judgment" that may have led to the filing of their petitions in the first place. . . This protects not only the debtor, but all creditors whose claims are provided for in the confirmed plan.

In re Bagby, 218 B.R. 878, 887 (Bankr. W.D. Tenn. 1998) (citations omitted). As post-confirmation earnings are the funding for the confirmed plan, subsequent credit transactions must be scrutinized by the Trustee and the Court. In re Brown, 170 B.R. 362, 364 (Bankr. S.D. Ohio 1994).

Courts must know the details of the collateral as well as the financing agreement in order to review post-confirmation financing. Clemons, 358 B.R. at 716. The debtor should disclose the make, model, mileage, condition and value of the collateral and whether better financing alternatives are available. Id.

> Motions with insufficient information "place the Court in the untenable position of approving a transaction that is too expensive, in effect giving the Court's imprimatur to a purchasing decision that may be as lacking in judgment as the debtor's prepetition financial arrangements, or disapproving the arrangement and possibly destroying or reducing the debtor's ability to work and fund the confirmed plan."

Id. (quoting Brown).

## ANALYSIS

Debtors' Application to Purchase Vehicles does not include a copy of the proposed credit agreement for either vehicle purchase. It merely contains the name of the vehicle, the

2

purchase price and the monthly payment amount. The Court notes that the purchase price for the 2001 Jeep Grand Cherokee appears to be reasonable. The proposal to purchase a $31,000 2009 VW Routan, however, appears excessive. Surely less expensive alternatives are available.

Debtors have not disclosed the interest rate of either loan and have failed to fully describe the condition, value and mileage of the Jeep. Additionally, Debtors have not addressed whether better financing alternatives or more reasonably priced vehicles are available or were considered by Debtors. In summary, the Court concludes that Debtors have failed to show that incurring debt for the purchase of vehicles is appropriate.

**WHEREFORE**, Debtors' Application to Purchase Vehicles is DENIED.

DATED AND ENTERED: July 6, 2009

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE